IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT
2006 NOV -8 PM 2:55
TX EASTERN-MARSHALL
BY_____

| | |
|---|---|
| SONIA GUADALUPE RODRIGUEZ, Individually and on Behalf of THE ESTATE OF MARTIN ALFONSO TORRES GALVEZ, Deceased, and as Next Friend of MARTIN IVAN TORRES RODRIGUEZ, Minor Child, JOSE ENRIQUE TORRES LUNA, and LAURA TORRES LUNA<br><br>　　　Plaintiffs,<br><br>vs.<br><br>WRL CONSTRUCTION MANAGEMENT, INC., WRL CONTRACTORS LLC, WRL EQUIPMENT LEASING INC., WRL GENERAL CONTRACTORS, LTD, RED DOT CORP., RED DOT BUILDING SYSTEMS, INC., and TERRY WILCOX d/b/a DOUBLE H ERECTION d/b/a DOUBLE H METALS<br><br>　　　Defendants. | CIVIL ACTION NO. 2-06-CV-26<br>JURY |

## AGREED FINAL JUDGMENT

BE IT REMEMBERED that in the above-styled and numbered cause, at a regular term of court and at a regular setting thereof, came all the parties in person and through their attorneys and announced ready for trial, and a jury having been by all parties expressly waived, the matters of fact as well as of law were submitted to the Court.

The Court found that this cause consisted of an action by adult plaintiffs, Sonia Guadalupe Rodriguez, Individually and on behalf of the Estate of Martin Alfonso Torres Galvez and as next friend of Martin Ivan Torres Rodriguez, Laura Torres Luna and Jose Enrique Torres Luna against defendants, Red Dot Corp., Red Dot Building Systems, Inc., WRL General Contractors, Ltd., and Terry Wilcox.

The Court found that the minor plaintiff, Martin Ivan Torres Rodriguez, did not have legally appointed guardian of his person or estate. The Court has found that Joy Berry, an attorney practicing in the State of Texas, is a competent and proper party to appear and act as Guardian ad Litem of the minor,

Martin Ivan Torres Rodriguez, and the Court does hereby order that such minor be represented in this cause by such next friend, under the Federal Rule of Civil Procedure 17, and the Court further APPROVED such representation.

The parties thereupon made known to the Court that, subject to the Court's approval, the parties had reached an agreement for the full compromise and settlement of this suit and the complete satisfaction of the plaintiffs' injuries and damages for a confidential payment to be made to Plaintiffs. The Court has been fully advised of the amount of the settlement, has been fully advised of the settlement distribution and has reviewed the annuity payment schedule as provided by the parties. The Court has given due consideration to all of the factors in this matter, including the total amount of the settlement, the total sums to be paid to each Plaintiff, and the attorneys' fees to be awarded. The Court finds that the amount of the settlement as reflected in the Compromise Settlement Agreement and Release, along with the periodic payments, as reflected in the exhibit to the Compromise Settlement Agreement and Release adequately advise of the nature of the payments made to all Plaintiffs in this case, and in particular the nature and amount of payments to be made to the minor child, and finds that, in light of the confidentiality agreement in this matter, that it is not necessary to recite those terms in this final judgment.

The Court inquired fully into and heard testimony concerning the proposed settlement, the parentage and support of the minor, the potential liability of persons for the injuries and damages, and the amount of the injuries and damages, all of which proceedings were reported by the Court Reporter, and then, pursuant to Rule 52, of the Federal Rules of Civil Procedure, the Court stated the following conclusions of fact:

1. That on or about August 16, 2005, Martin Alfonso Torres Galvez was injured when he fell to his death through a piece of roof insulation. Martin Alfonso Torres Galvez died from his injuries. That suit was filed on behalf of Martin Alfonso Torres Galvez, deceased, and all wrongful death beneficiaries as that term is defined in law.

2. That the minor plaintiff, Martin Ivan Torres Rodriguez, did not suffer personal injuries in the incident but has been damaged by the loss of his father, and that the minor Plaintiff had recovered from the loss as well as could be expected as of the date of this final hearing.

3. That adult plaintiffs, Sonia Guadalupe Rodriguez, Laura Torres Luna and Jose Enrique Torres Luna incurred investigative and legal expenses on behalf of the minor plaintiff.

4. That the above proposed release includes a compromise of all claims of minor plaintiff, Martin Alfonso Torres Galvez and of adult plaintiffs, Sonia Guadalupe Rodriguez, Laura Torres Luna and Jose Enrique Torres Luna Red Dot Corp., Red Dot Building Systems, Inc., WRL General Contractors, Ltd., and Terry Wilcox, and all persons, firms, or corporations potentially liable for any of plaintiffs' injuries and damages and their servants, agents, employees, insurers, attorneys, corporate parents and subsidiaries, predecessors, successors, and assigns, which claims, known or unknown, in any way have or may arise out of the above-described accident and the injuries and damages resulting therefrom, and further includes the execution by the adult plaintiff and the next friend of such minor plaintiff of the Compromise Settlement Agreement and Release in a manner forever conclusive and binding upon all such minor and adult plaintiffs.

5. That the evidence presented fully apprises the Court and the next friend of the extent of damages suffered by the minor, and of the potential liability of the defendant and others for such damages.

6. That the above compromise is fair and reasonable, is in the best interest of the minor, Martin Ivan Torres Rodriguez and is fully APPROVED by the next friend, and that the next friend understood that in approving this compromise, the minor could never recover any more money from anyone for such claims, even if it was determined later that the minor had injuries and effects from the accident that were undiscovered or undiscoverable at the time of rendition of this judgment.

7.   That this compromise and settlement is over genuinely disputed claims for which defendants, Red Dot Corp., Red Dot Building Systems, Inc., WRL General Contractors, Ltd., and Terry Wilcox denied all liability.

The Court thereupon made the following separate conclusions of law pursuant to Rule 52, Federal Rules of Civil Procedure:

1.   That the Court fully APPROVES this compromise settlement agreement and release, and judgment and expressly authorizes such next friend to compromise this suit and to agree to this judgment in a manner forever binding and conclusive upon the minor plaintiff, Martin Ivan Torres Rodriguez.

2.   That this Court-approved compromise settlement agreement and release, and judgment is over genuinely disputed claims and shall not constitute any admission of liability for such claims by the defendants or by any other person.

The Court having accordingly determined to enter judgment in accordance with the above findings of fact and conclusions of law;

It is, therefore, ORDERED, ADJUDGED and DECREED that the next friend be and hereby is expressly granted court approval to compromise this suit and the minor's claims and to agree to this judgment in a manner forever binding and conclusive upon the minor party plaintiff in such suit, Martin Ivan Torres Rodriguez, which court approval to compromise expressly includes court approval for such next friend to execute the Compromise Settlement Agreement and Release on behalf of and in a manner forever binding and conclusive upon such minor party plaintiff; and,

It is further ORDERED, ADJUDGED and DECREED that the minor plaintiff, have and recover of and from the defendants, Red Dot Corp., Red Dot Building Systems, Inc., WRL General Contractors, Ltd., and Terry Wilcox the sums described in the Compromise Settlement Agreement and Release to be free and clear of all expenses, costs and attorney's fees.

It is further ORDERED, ADJUDGED and DECREED that costs of court be taxed to the parties incurring same in accordance with the agreement of the parties.

It is further ORDERED, ADJUDGED and DECREED that Joy Berry, guardian *ad litem*, is awarded $10,000.00 as fees for her ad litem services, to be paid jointly by Defendants.

It further appearing to the Court and the Court having found that prior to the signing and entry of this judgment, the amount thereof has been paid as provided herein, it is, therefore, further ORDERED that no execution issue herein for this judgment or for any part thereof, the same shall stand in all things fully and finally paid, satisfied, extinguished and released.

It is further ORDERED, ADJUDGED and DECREED that all relief not herein expressly granted be and hereby is denied.

SIGNED and ENTERED this the 8th day of November, 2006.

T. John Ward
JUDGE PRESIDING

APPROVED AS TO FORM AND SUBSTANCE:

**ERSKINE & BLACKBURN, L.L.P.**

By: _____
Mark B. Blackburn
Texas Bar No. 02388990
Blake C. Erskine, Jr.
Texas Bar No. 00786383
6601 Vaught Ranch Road, Suite 201
Austin, Texas 78730
(512) 684 – 8900
(512) 684 – 8920 - FAX

        AND

**ERSKINE & McMAHON, L.L.P.**

By: _____
Blake C. Erskine
Texas Bar No. 06649000
P.O. Box 3485
Longview, Texas 75606
(903) 757 – 8435
(903) 757 – 9429 – FAX

**ATTORNEYS FOR PLAINTIFFS**


**MICHEAL V. WINCHESTER & ASSOCIATES, P.C.**

By: _____
Micheal V. Winchester
Texas Bar No. 21754350
Kyle E. Moore
Texas Bar No. 14357550
5072 West Plano Parkway, Suite 280
Plano, Texas 75093
(214) 368-5222
(214) 368-7333 - FAX

**ATTORNEYS FOR DEFENDANTS
RED DOT CORPORATION and
RED DOT BUILDING SYSTEMS, INC.**

RITCHESON, LAUFFER, VINCENT & DUKES, P.C.

By: _____
Lance Vincent
State Bar No. 20585580
3301 Golden Road, Ste. 400
Tyler, TX 75701
(903) 535-2900
(903) 533-8646 - FAX


**ATTORNEYS FOR DEFENDANT
WRL GENERAL CONTRACTORS, LTD.**


By: _____
Clinton J. Davis
State Bar No. 24034409
130 East Corsicana Street, Suite 300
Athens, TX 75751
(903) 675-5188
(903) 677-3902 - FAX


**ATTORNEY FOR DEFENDANT TERRY WILCOX**


By: _____
Joy Berry
111 West Austin St.
Marshall, Texas 75670
(903) 938-6044
(903) 938-1118 - FAX


**GUARDIAN *AD LITEM* FOR
MARTIN IVAN TORRES RODRIGUEZ**

AGREED FINAL JUDGMENT                                                    Page 7